# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 20, 2025

```
* * * * * * * * * * * * *
JOSHUA KASABIAN,              *
                              *
          Petitioner,         *      No. 24-881V
                              *
v.                            *      Special Master Gowen
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
          Respondent.         *
* * * * * * * * * * * * *
```

*Alison Haskins,* Siri & Glimstad, LLP, Aventura, FL, for petitioner.
*Alexa Roggenkamp,* U.S. Department of Justice, Washington, D.C., for respondent.

## **DISMISSAL DECISION[1]**

On June 10, 2024, Joshua Kasabian ("petitioner") filed a claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on November 21, 2023, he developed serum sickness and Celiac's disase. *Id.*

On May 20, 2025, petitioner filed a motion for a voluntarily dismissal of his claim. Petitioner's ("Pet'r") Motion for a dismissal decision. Pet'r Motion (ECF No. 28). After a status conference held on May 7, 2025, petitioner filed this motion. Petitioner's motion states that "an investigation of the avilable objective evidence and science supporting his case and the discussion [during the status conference] have demonstrated to petitioner that it is unlikely he will be able to prove entitlement to compensation in the Vaccine Injury Compensation Program." *Id.* at ¶ 1. Petitioner believes that to proceed further would be unreasonable and waste the resources of the Court, the respondent, and the Vaccine Program. *Id.* at ¶ 2. Petitioner understands that a dismissal of his claim will result in a judgment against him and has been advised that such judgment will end all of his rights in the Vaccine Program. *Id.* at ¶ 3.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner further undersatnds that the dismissal will result in a judgment pursusant to Vaccine Rule 11 for purposes of 42 U.S.C. § 300aa-21(a). *Id.* Petitioner further understands that he may apply for fees and costs once his case is dismissed and a judgment is entered against him. *Id.* at ¶ 4. Respondent does not oppose this motion. *Id.* Petitioner intends to protect his rights to file a civil action in the future, and he intends to elect to reject the Vaccine Program judgment agains him and elect to file a civil action. *Id.* ¶ 5.

Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3).

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioner was not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of his alleged injuries. To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

In this case, the medical records are insufficient to establish entitlement and petitioner's medical records do not demonstrate by prepondernat evidence a logical sequence of cause and effect showing that the vaccination was the reason for the injury.

**For these reasons, petitioner's motion is GRANTED. In accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.